**People of the State of Illinois, Plaintiff-Appellee,
v. Freddie Baker, Defendant-Appellant.**

Gen. No. 67–123.

Fifth District.

July 24, 1969.

Sylvester L. Carter, of Madison (Clayton R. Williams, of Edwardsville, of counsel), for appellant.

No brief filed for appellee.

PER CURIAM:

This proceeding is brought under the Juvenile Court Act (c 37, § 701–1 et seq., Ill Rev Stats 1967) and was instituted by the filing of a petition in the Circuit Court of Madison County, in which an Assistant State's Attorney alleged that Freddie Baker, hereafter called defendant, was a minor under the age of 17 years, was in need of protection and assistance, and was presently in the custody of the Sheriff of Madison County, having allegedly committed the offenses of Assault and Auto Theft. It prayed that a Detention Hearing be held in accordance with section 3–6 (c 37, § 703–6) of the Act.

The Detention Hearing was held, and pending an Adjudicatory Hearing, defendant was released to the custody of his parents.

On August 29, 1967, another petition was filed, assigned a number different than that of the first petition, stating that defendant was charged with the offenses of Theft and Assault which allegedly were committed 15 days subsequent to the date of the Detention Hearing. The petition prayed that defendant, his parents, and the Chairman of the Board of Supervisors of Madison County be made defendants, the issuance of summons returnable on the date of an Adjudicatory Hearing, that defendant be adjudged a ward of the Court, and at a Dispositional Hearing such order be entered for the care, custody and control of defendant as is in his best interest.

The record reflects that another Detention Hearing was held on August 21, 1967, and defendant was ordered

326

detained by the Sheriff until the Adjudicatory Hearing. An Adjudicatory Hearing was held and a finding made that defendant was a delinquent. The court entered a Dispositional Order committing defendant to the Illinois Youth Commission. This appeal followed.

In In re Urbasek, 38 Ill2d 535, 232 NE2d 716, the Supreme Court held that to support a finding of delinquency based upon the commission of an offense, which, if committed by an adult would be a crime, the offense must be proved beyond a reasonable doubt.

We have carefully examined the testimony, and the record does not support a finding that defendant was guilty of either Theft or Assault. Insofar as the evidence purports to show a theft, his conduct if persisted in, might give rise to an action in replevin, but no criminal offense was proved. With respect to the Assault, proof of the necessary elements of the offense is lacking. The judgment of the Circuit Court of Madison County is reversed.

Judgment reversed.